**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **THE MITCHELL GOLD CO., LLC** | **Case No. 23-11385-LSS** |
| | **Adversary Proceeding** |
| **Debtor.** | **No._____** |
| ---------------------------------------------------------x | |
| **LINDSEY PRICE and STANLEY WHITE** on behalf of themselves and all others similarly situated, | |
| | **CLASS ACTION ADVERSARY PROCEEDING COMPLAINT** |
| **Plaintiffs,** | |
| v. | |
| **THE MITCHELL GOLD CO., LLC and SG-TMGC, LLC** | |
| **Defendants**. | |

------------------------------------------------------------------

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Lindsey Price and Stanley White ("Plaintiffs") by and through undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against The Mitchell Gold Co., LLC and SG-TMGC, LLC. ("Defendants"), allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiffs and other Similarly Situated Employees of the Defendants, as a single employer, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act"). Although the Plaintiffs and the Other Similarly Situated Employees were nominally employed by Defendant, The Mitchell Gold Co, LLC, ("Mitchell Gold"), pursuant to the WARN Act's single employer rule, SG-TMGC, LLC ("SG-TMGC") was also the Plaintiffs' and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about August 25, 2023 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiffs and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES

4. Upon information and belief, at all relevant times, Defendants which maintained facilities throughout the United States.

5. Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated the Facilities.

6. On or about September 6, 2023 Defendant Mitchell Gold filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

7. On or about August 31, 2023 Defendant SG-TMGC filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (23-11364-LSS).

8. Plaintiff Lindsey Price was an employee who was employed by Defendants, as a single employer, and worked at or reported to a facility located at 135 1 Comfortable Pl, Taylorsville, NC 28681 (the "Taylorsville Facility") until her termination without cause on or about August 25, 2023.

9. Plaintiff Stanley White was an employee who was employed by Defendants, as a single employer, and worked at or reported to a facility located at 125 Lulu Lane Statesville, NC 28625 (the "Statesville Facility" and collectively with the Taylorsville Facility and all other facilities, the "Facilities") until his termination without cause on or about August 25, 2023

10. Upon information and belief, at all relevant times, Defendants each jointly maintained, owned and operated the Facilities.

11. Plaintiffs and the Other Similarly Situated Employees were employed by Defendants as a single employer at the Facilities until their termination without cause on or about August 25, 2023 and thereafter at which time Defendants ordered a mass layoff and/or plant closing of the Facilities.

12. Upon information and belief, approximately 700 persons were employed at the Facilities by Defendants until their termination without cause on or about August 25, 2023 and thereafter.

13. The Plaintiffs bring this action on their own behalf and, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the

Defendants who also worked at or reported to the Facilities, and who were terminated as part of or as the foreseeable result of a mass layoff and/or plant closing at the Facilities ordered by Defendants on or about August 25, 2023 and thereafter (collectively, "the Class").

14. On or about August 25, 2023 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiffs' employment together with the termination of all other employees who worked at or reported to the Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

15. Upon information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

*Common Ownership*

(a) Upon information and belief, Mitchell Gold is 100% owned by SG-TMGC.

*Common Directors and Officers*

(b) Upon information and belief, at all relevant times, the Defendants shared common officers and Directors.

*Dependency of Operations*

(c) Upon information and belief, at all relevant times, there was a dependency of operations between Defendants.

*Unity of Personnel Policies*

(d) Upon information and belief, at all relevant times there was a unity of personnel policies emanating from a common source between Defendants.

(e) Upon information and belief, all of the Defendants decided to effectuate the mass layoff and/or plant closing at the Facilities without providing a WARN notice.

*De Facto Control*

(f) Upon information and belief, all of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and the Class including the decision to order the mass layoff and/or plant closing at the Facilities.

**CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104**

16. The Plaintiffs and each person they seek to represent herein, were discharged on or about August 25, 2023 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

17. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about August 25, 2023 and thereafter, who worked at or reported to the Facilities until their terminations.

18. On or about August 25, 2023 and thereafter, Defendants terminated the Plaintiffs' employment as part of a mass layoff and/or plant closing which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

19. Defendants as a single employer never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the mass layoff and/or plant closing in violation of the WARN Act.

20. At or about the time that the Plaintiffs were discharged on or about August 25, 2023 and thereafter, Defendants discharged approximately 700 other employees at the Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

21. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

22. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

23. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on their part.

24. The Plaintiffs and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

25. Defendants were required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

26. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

27. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

26. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy

and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27.     The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

28.     Common questions of law and fact are applicable to all members of the Class.

29.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at or reported to the Facilities; Defendants as a single employer terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above.

32.     The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

33.     The Plaintiffs have the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34. The Class is so numerous as to render joinder of all members impracticable as there are approximately 700 persons who are included in the Class.

35. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

36. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

38. No litigation concerning the WARN Act rights of any Class member has been commenced in this Court.

39. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

40. On information and belief, the identities of the Class members are contained in the books and records of Defendants.

41. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

42. On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

43. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other

members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

44. At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

45. At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a mass layoff and/or plant closing at the Facilities.

46. On or about August 25, 2023 and thereafter the Defendants as a single employer ordered a "mass layoff" and/or "plant closing" at the Facilities, as that term is defined by the WARN Act.

47. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is

defined by the WARN Act.

48. The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendants at the Facilities.

49. The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

50. The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days' advance written notice of his or her termination.

51. The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

52. The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

53. The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

54. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of each of the other Class members demand judgment, jointly and severally, against Defendant as follows:

    A. An allowed priority claim pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $15,150 against Defendants in favor of the Plaintiffs and Class members equal to the sum of: (a)

unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A), with any remainder as a general unsecured claim;

   B. A judgment against Defendants in favor of the Plaintiffs and the other Class members for the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

   C. Certification that the Plaintiffs and the other Class members constitute a single class;

   D. Appointment of the undersigned attorneys as Class Counsel;

   E. Appointment of Plaintiffs as the Class Representative and payment of reasonable compensation to them for their services as such;

   F. An allowed claim against Defendants for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

   G. Such other and further relief as this Court may deem just and proper.

               Respectfully submitted,

September 7, 2023

By: /s/  James E. Huggett
MARGOLIS EDELSTEIN
James E. Huggett (#3956)
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
Phone 302-888-1112
Fax 302-888-1119

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street
8th Floor
New York, NY 10007
O: (212) 581-5005

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
4605 Cass Ave.
Detroit, Michigan 48201
P:(313) 993-4505

*Attorneys for Plaintiffs and the Proposed Class*