**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE MITCHELL GOLD CO., LLC, *et al.*,[1] | Case No. 23-11385 (LSS) |
| Debtors. | Jointly Administered |
| | **Re: D.I.** |

### ORDER (I) AUTHORIZING THE DEBTORS TO HONOR CERTAIN CUSTOMER PRACTICES AND IMPLEMENT THE MERCHANDISE RETRIEVAL PROCESS, (II) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (the "Order") pursuant to sections 105(a), 363(b), 1107(a), and 1108 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 6003 and 6004(h), authorizing, but not directing, the Debtors, in their sole discretion, to honor their customer obligations; and upon consideration of the First Day Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief requested by this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on the basis as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the Debtors' federal tax identification numbers are: The Mitchell Gold Co., LLC (8942) and SG-TMGC, LLC (0248). The Debtors' addresses are, respectively, 135 One Comfortable Place, Taylorsville, North Carolina 28681 and P.O. Box 3417, Little Rock, Arkansas 72203.

[2] All capitalized terms not defined herein are defined in the Motion.

2.  For Customers who have (a) paid the full purchase price of their Finished Products; (b) have not initiated a charge-back or otherwise contested or disputed the payment related to their Finished Products or otherwise satisfy the requirements below related to the same; and (c) whose Finished Products are located at 3PLs, the Debtors are authorized to implement the Merchandise Retrieval Process as follows:

   A.  Within five (5) days of entry of this Order, the Debtors shall contact by electronic mail, phone, or first-class mail, postage prepaid, (the "Eligibility Notice"), attached hereto as **Exhibit A**, Customers who have fully paid for their purchases and whose Finished Products are located at a 3PL facility in anticipation of being shipped the final mile to the respective Customer (the "Eligible Customers" or an "Eligible Customer").

   B.  Within twenty-one (21) days following receipt of the Eligibility Notice, Eligible Customers who wish to opt-in to the Merchandise Retrieval Process must provide the following information in writing as directed by the Eligibility Notice (collectively, the "Customer Order Information"):

      1.  Customer name;

      2.  Order number;

      3.  Payment method, and if by card, credit card provider; and

      4.  Whether such Customer has initiated a charge-back or otherwise contested or disputed the payment made related to the Finished Products. If such Customer has initiated a chargeback or otherwise contested or disputed the payment, such Customer may still opt-in to the Merchant Retrieval Process by providing written proof that

        such Customer has withdrawn the pending dispute or successfully reversed the prior chargeback.

C. Following receipt of the Customer Order Information, the Debtors will notify, through Epiq, the Eligible Customer and provide such Eligible Customer with the location of and contact information for the 3PL's facilities where his or her respective Finished Products are located (the "Verification").

D. Following receipt of the Verification, the Eligible Customer shall contact the applicable 3PL to arrange for shipping to the respective Eligible Customer. The Eligible Customer shall assume the cost of shipping their Finished Products to their final destination and shall meet the reasonable requirements and obligations imposed by the respective 3PL related to the receipt of the Eligible Customer's respective Finished Products.

E. Within five (5) days following shipment of any Finished Products, the respective 3PL shall notify the Debtors that such Finished Products were shipped to the Eligible Customer by providing the Eligible Customer name, identification of Finished Products shipped, and the delivery date in writing to (i) the Debtors, 135 One Comfortable Place, Taylorsville, NC 28681 Attn: David Rogalski; (ii) proposed co-counsel for the Debtors, (a) Rayburn Cooper & Durham, P.A., 227 West Trade Street, Charlotte, NC 28202 Attn: C. Richard Rayburn Jr., Esq. (rrayburn@rcdlaw.net) and Matthew L. Tomsic, Esq. (mtomsic@rcdlaw.net) and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE

19899, Attn: Robert J. Dehney, Esq. (rdehney@morrisnichols.com), Andrew R. Remming, Esq. (aremming@morrisnichols.com), Daniel B. Butz, Esq. (dbutz@morrisnichols.com), and Evanthea Hammer, Esq. (ehammer@morrisnichols.com) (the "Notice Parties").

3. Additionally, the Debtors are authorized, but not directed, to extend the Merchandise Retrieval Process to Finished Products located in the Debtors' facilities by filing a Notice of Extension of Merchandise Retrieval Process with the Court and then notifying such Eligible Customers within five (5) days of the Notice of Extension of Merchandise Retrieval Process and following the procedures outlined in Section 2 of this Order.

4. Separately, any card processor (the "Card Processors") whose payment method was used to purchase the Finished Products may opt-in to assume the cost of shipping Finished Products to Eligible Customers by providing notice in writing to the Notice Parties within five (5) days of entry of this Order. Should Card Processors opt-in, the Debtors shall provide the respective Eligibility Notices and Verifications to the Card Processors whose payment methods were used to purchase the Finished Products. The Card Processors shall then contact the Eligible Customer and 3PL to arrange for payment and delivery of the Customer's respective Finished Products. Should the Eligible Customer have already assumed the shipping costs, the Card Processor shall reimburse such Eligible Customer for such costs.

5. Customers who opt-in to the Merchandise Retrieval Process waive all claims they have against the Debtors, whether such claims are known or unknown, contingent, disputed, or unliquidated, related to their respective Finished Products.

6. Customers who opt-in to the Merchandise Retrieval Process waive all rights to charge-back or otherwise contest or dispute their payment related to the Finished Products.

7. Customers who do not opt-in to the Merchandise Retrieval Process shall be deemed to have abandoned their Finished Products and cancelled their orders for such Finished Products. Following such abandonment and cancellation, the Debtors are authorized, but not directed, to sell such Finished Products pursuant to any final order entered by the Court with respect to the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Procedures to Designate Stalking Horse Bidder(s), (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, and (F) Granting Related Relief; and (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (D.I. 73).

8. For customers opting-in to the Merchandise Retrieval Process, 3PLs are directed to ship such Finished Products for Eligible Customers. The 3PLS further waive all claims, rights, and interests in such Finished Products upon shipment of the same.

9. Nothing in this Order (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to any and all claims or causes of action; or (iv) shall be construed as a promise to pay a claim.

10. Nothing in this Order or the Motion is intended or shall be construed to grant relief from the automatic stay pursuant to section 362 of the Bankruptcy Code, except as required to implement the Merchandise Retrieval Process.

11. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12. The requirements of Bankruptcy Rule 6003(b) have been satisfied because the relief set forth in this Order is necessary to avoid immediate and irreparable harm.

13. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

**<u>Exhibit A</u>**

**Eligibility Notice**

### ***Process to Receive Your Mitchell Gold + Bob Williams Products***

Dear MGBW Customer,

As you are likely aware, The Mitchell Gold Co., LLC, d/b/a Mitchell Gold + Bob Williams ("MGBW") filed for protection under Chapter 11 of the Bankruptcy Code on September 6, 2023. At this time, MGBW has proposed—and the Bankruptcy Court has authorized—a process for which customers such as yourself may obtain the products that they purchased from MGBW before the bankruptcy filing if they were finished as of September 6, 2023. MGBW has determined that certain goods purchased by you are eligible for final delivery.

If you wish to receive your purchased products, please complete the following steps **within 21 days of the receipt of this email**:

1. Email to [●]: (a) your name; (b) your order number; (c) your payment method, and if by card, credit card provider; and (d) either an affirmation that you have not initiated a chargeback through your credit card provider or otherwise disputed the charge, or if you have, written records showing that you have withdrawn the pending dispute or reversed the prior chargeback.

OR

2. Fill out the form that can be found online at [●].

Once MGBW receives your information, MGBW will provide you the contact information for the shipper who has possession of your products for you to arrange the final shipment at your own cost. Unfortunately, at this time, MGBW does not have funds sufficient to pay for shipment of your products, although MGBW is working with certain card processors for assistance in covering such shipping costs. Should your card processor agree to pay the costs of storage and shipping your goods, your card processor will contact you to notify you that it will pay those costs.

MGBW cannot guarantee the amounts the party in possession will charge for delivery or whether it will allow delivery at this time, and that is solely to be negotiated with such party by you and/or participating acard processors.

**Should you opt-in to this process and receive your products, please understand that you will be waiving all claims you have against the Debtors, whether such claims are known or unknown, contingent, disputed, or unliquidated, related to your products as well as waiving your rights to charge-back or otherwise contest or dispute your payment related to your products.**