IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE MITCHELL GOLD CO., LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11385 (LSS)<br><br>Jointly Administered |

**ORDER CONVERTING DEBTORS' CHAPTER 11 CASES TO
CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

Upon the hearing on converting the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors") to cases under chapter 7 of Bankruptcy Code; and the Court having jurisdiction to consider the conversion of these chapter 11 cases pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012; and consideration of such being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the conversion having been provided under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the conversion of these chapter 11 cases is in the best interests of the Debtors and their respective estates, creditors, and all parties in interest; and the Court having determined that the legal and factual bases establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

---

[1] The Debtors in these chapter 11 cases, along with the Debtors' federal tax identification numbers are: The Mitchell Gold Co., LLC (8942) and SG-TMGC, LLC (0248). The Debtors' addresses are, respectively, 135 One Comfortable Place, Taylorsville, North Carolina 28681 and P.O. Box 3417, Little Rock, Arkansas, 72203.

**IT IS HEREBY ORDERED THAT:**

1. The Debtors' chapter 11 cases shall be immediately converted to cases under chapter 7 of the Bankruptcy Code pursuant to section 1112 of the Bankruptcy Code, effective as of the entry of this Order (the "Conversion Date").

2. The Office of the United States Trustee (the "U.S. Trustee") shall appoint an interim trustee pursuant to section 701 of the Bankruptcy Code to serve in the Debtors' chapter 7 cases pending the qualification of a permanent trustee under sections 702 of the Bankruptcy Code.

3. The Debtors shall:

    a. As soon as reasonably practicable, but in no event more than fourteen (14) days after the assumption of duties by the chapter 7 trustee, turn over to the interim chapter 7 trustee, once one is appointed, all records and property of the estates under their custody and control as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein;

    b. Within fourteen (14) days of the Conversion Date, file schedules of unpaid debts incurred after the filing of the petition and before conversion of the case, including the name and address of each holder of a claim, as required by Bankruptcy Rule 1019(5);

    c. Within thirty (30) days of entry of this Order, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the U.S. Trustee; and

    d. Within fourteen (14) days of the Conversion Date, the Debtors' claims agent shall (i) forward to the Clerk of this Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final claims register in the Debtors' chapter 11 cases.

4. All professionals proposed to be retained in the chapter 11 cases shall, to the extent applicable, file retention applications ("Retention Applications") in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court by no later than

seven (7) days after the Conversion Date. The Retention Applications shall be heard at the hearing scheduled for November 15, 2023 at 10:00AM(ET) (the "Retention Hearing").

5. All professionals who file Retention Applications in accordance with paragraph 5 hereof in the chapter 11 cases shall submit final fee applications (the "Final Fee Applications") in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court by no later than one (1) day after the Retention Hearing (the "Application Deadline"). The deadline to object to a Final Fee Application shall be twenty-one (21) days after the Application Deadline. A hearing will be noticed, at the Court's convenience, on such Final Fee Applications no sooner than the date that is twenty-eight (28) days after the Application Deadline. All approved amounts owed for professionals' fees and expenses may be paid (a) first, from each professional's retainer, to the extent such retainers exist, (b) by the DIP Lender, up to the amounts set forth in the Carve-Out but not in excess of the budgeted amounts for the interim period (through week ending 9/30/23) as set forth in the line item for each professional in the Budget, the payment of which shall, immediately upon payment, constitute additional DIP Obligations under the Interim DIP Order[2], and (c) thereafter from the Debtors' chapter 7 estates in accordance with the Bankruptcy Code and Bankruptcy Rules.

6. On the Conversion Date, the Committee shall be immediately dissolved, and all professionals retained by the Committee shall be immediately discharged, with no further action required by the Debtors or the Committee; *provided, however*, such professionals may remain in place to prosecute any Retention Applications and Final Fee Applications.

7. A representative of the Debtors, and, if so requested by the chapter 7 trustee, counsel to the Debtors in this case, shall appear at the First Meeting of Creditors pursuant to

---

[2] All of the capitalized terms in this subsection (b) of paragraph 6 are defined as set forth in the *Interim Order (I) Authorizing Post-Petition Junior Secured Superpriority Financing Pursuant to Sections 105, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(e) And 503(b) of the Bankruptcy Code; and (II) Granting Related Relief* (D.I. 82) (the "Interim DIP Order") and the DIP Term Sheet attached as Exhibit A thereto.

sections 341(a) and 343 of the Bankruptcy Code and such representative shall be available to testify at such meeting.

8. Subject to its compliance with Local Rule 2002-1(f)(x)-(xi), the Debtors' claims agent shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' chapter 11 cases as of the Conversion Date and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' chapter 11 cases or the chapter 7 cases.

9. All orders, including but not limited to the Interim DIP Order, shall survive the conversion of the Debtors' chapter 11 cases to chapter 7 cases and will not be impaired, altered, or otherwise modified by such conversion or this Order.

*[signature]*

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: October 6, 2023
**Wilmington, Delaware**