# Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE MITCHELL GOLD CO., LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-11385 (LSS)<br><br>(Jointly Administered)<br><br>**Related Doc. No. ___** |

**ORDER APPROVING STIPULATION BETWEEN RYDER LAST MILE, INC., TRUSTEE, PNC BANK, N.A. AND THE STEPHENS GROUP, LLC**
<u>**REGARDING FURNITURE DELIVERY PROTOCOL**</u>

Upon the *Certification of Counsel* (the "<u>Certification of Counsel</u>"),[2] *Regarding Stipulation Between Ryder Last Mile, Inc., the Trustee, PNC Bank, N.A. and The Stephens Group, LLC Regarding Furniture Delivery Protocol* (the "<u>Stipulation</u>") the Court having reviewed the Certification of Counsel and the Stipulation, and determined that just cause exists for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation, a copy of which is attached hereto as Exhibit "<u>1</u>" and the Furniture Delivery Protocol set forth therein are approved.

2. The Parties are authorized and empowered to take all actions necessary to carry out the terms of the Stipulation.

---

[1] The "Debtors" in these jointly administered chapter 7 cases pending in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") are The Mitchell Gold Co., LLC, Case No. 23-11385 and SG-TMGC, LLC, Case No. 23-11364.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Certification of Counsel and Stipulation, as applicable.

  3. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from its implementation.

## Exhibit 1

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE MITCHELL GOLD CO., LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 23-11385 (LSS)<br><br>(Jointly Administered) |

**STIPULATION BETWEEN RYDER LAST MILE, INC., TRUSTEE, PNC BANK, N.A.
AND THE STEPHENS GROUP, LLC
REGARDING FURNITURE DELIVERY PROTOCOL**

Ryder Last Mile, Inc. ("Ryder"), George L. Miller, the successor chapter 7 trustee for the debtors' estates (the "Trustee"), PNC Bank, N.A. ("PNC"), and The Stephens Group, LLC ("Stephens," and, together with PNC, the Trustee, and Ryder, the "Parties"), hereby stipulate as follows:

WHEREAS, on October 6, 2023 (the "Conversion Date"), the chapter 11 cases of the Debtors were converted to cases under chapter 7 of the Bankruptcy Code. On that same date, the Trustee was appointed as successor trustee for the estates of the Debtors.

WHEREAS, PNC asserts claims against the Debtors' estates secured by first priority liens on substantially all of the Debtors' assets in connection with prepetition financing as well as protections granted to PNC in the interim DIP financing order [D.I. 82].

WHEREAS, Stephens asserts claims against the Debtors' estates secured by junior liens on the Debtors' assets as set forth in the *Interim Order (I) Authorizing Post-Petition Junior*

---

[1] The "Debtors" in these jointly administered chapter 7 cases pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") are The Mitchell Gold Co., LLC, Case No. 23-11385 and SG-TMGC, LLC, Case No. 23-11364.

1

*Secured Superpriority Financing Pursuant to Sections 105, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(e) and 503(b) of the Bankruptcy Code; and (II) Granting Related Relief* [D.I. 82].

WHEREAS, prior to the Conversion Date, Ryder provided delivery and warehouse storage services to the Debtors, and is presently storing over 2,000 separate items of furniture manufactured by the Debtors and purchased by the Debtors' end-customers (the "<u>End-Customers</u>"), in numerous Ryder warehouses located throughout the United States (collectively, the "<u>Undelivered Furniture</u>").

WHEREAS, Ryder wishes to implement a protocol for delivering Undelivered Furniture to those of the End-Customers who have made payment in full to the Debtors for their items of Undelivered Furniture, and who have not obtained a refund for those items of Undelivered Furniture (whether by a credit card "charge-back" or otherwise) ("<u>Eligible Customers</u>").

WHEREAS, following arm's-length negotiations, the Parties have agreed to a certain protocol pursuant to which Ryder will deliver furniture in its possession to Eligible Customers (the "<u>Furniture Delivery Protocol</u>"). The terms of the Furniture Delivery Protocol are set forth below.

NOW, THEREFORE, intending to be legally bound, and subject to Bankruptcy Court approval, the Parties agree to the Furniture Delivery Protocol as follows:

1. Ryder shall mail, or, otherwise cause to be delivered a letter in substantially the form attached to this Stipulation as Exhibit "A" (the "<u>Customer Letter</u>") to the End-Customers, at their addresses as shown in the records provided to Ryder by the Debtors. The Customer Letter

shall be accompanied by a "Request for Delivery" form, in substantially the form attached to the Customer Letter in Exhibit "A."[2]

2.  The Parties agree to the procedure set out in the Customer Letter, and agree that, upon an Eligible Customer's full compliance with the requirements set forth in the Customer Letter, including but not limited to payment of delivery and storage charges applicable to the Eligible Customer's Undelivered Furniture to Ryder as provided in the Customer Letter, Ryder may deliver that Eligible Customer's Undelivered Furniture to that Eligible Customer which furniture shall upon delivery to the Eligible Customer be deemed free and clear of any liens, claims, or interests of any kind that may otherwise be asserted by PNC, Stephens, and/or the Trustee.

3.  For the sake of clarity, nothing in this Stipulation shall be interpreted as requiring Ryder to take any actions with respect to the Undelivered Furniture, including without limitation delivering any Undelivered Furniture to any Eligible Customers who fail to fully comply with the requirements of the Customer Letter.

4.  If following forty-five (45) days from the date on which Ryder first transmits the Customer Letter to Eligible Customers, Eligible Customers have not taken delivery or made arrangements with Ryder to take delivery of the applicable Undelivered Furniture pursuant to the Customer Letter, Ryder shall notify PNC, Stephens and the Trustee of the remaining Undelivered Furniture in Ryder's possession and Ryder thereafter may exercise any of its rights under applicable law with respect to the remaining Eligible Customer's Undelivered Furniture in its possession, including without limitation Ryder's rights, if any, to dispose of such Undelivered

---

[2] References in this Stipulation to the Customer Letter shall mean the Customer Letter together with the "Request for Delivery" form.

Furniture without need for further order from the Bankruptcy Court, subject to the rights and security interests of PNC and The Stephens Group under applicable law.  Ryder, PNC and The Stephens Group agree to cooperate in good faith to reach a consensual resolution of their competing rights and interests in such remaining Undelivered Furniture.

5. Except as provided in this Stipulation, all rights of the Parties are preserved.

6. Promptly following the execution of this Stipulation, Ryder shall submit this Stipulation to the Bankruptcy Court for approval together with a certification of counsel.  The Parties shall cooperate as may be reasonably necessary to obtain Bankruptcy Court approval.

7. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Stipulation.

| COZEN O'CONNOR | BLANK ROME LLP |
|---|---|
| /s/ *John T. Carroll, III*<br>John T. Carroll, III (DE No. 4060)<br>Simon E. Fraser (DE No. 5335)<br>1201 N. Market St., Suite 1001<br>Wilmington, DE 19801<br>Telephone: (302) 295-2000<br>jcarroll@cozen.com<br>sfraser@cozen.com<br><br>*Counsel to Ryder Last Mile, Inc.*<br><br>Dated: October 19, 2023 | /s/ Stanley B. Tarr<br>Regina Stango Kelbon (DE No. 5444)<br>Stanley B. Tarr (DE No. 5535)<br>John Lucian (admitted pro hac vice)<br>1201 N. Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 425-6400<br>regina.kelbon@blankrome.com<br>stanley.tarr@blankrome.com<br>john.lucian@blankrome.com<br><br>*Counsel to PNC Bank, N.A.*<br><br>Dated: October 19, 2023 |
| **BURR & FORMAN LLP** | **CHAPTER 7 TRUSTEE** |
| /s/ J. Cory Falgowski<br>J. Cory Falgowski (DE No. 4546)<br>222 Delaware Avenue, Suite 1030<br>Wilmington, DE 19801<br>Telephone: (302) 830-2312<br>jfalgowski@burr.com<br><br>*Counsel to The Stephens Group, LLC*<br><br>Dated: October 19, 2023 | /s/ George L. Miller<br>Miller Coffey Tate LLP<br>1628 John F. Kennedy Blvd.<br>Suite 950<br>Philadelphia, PA 19103-2110<br>Telephone: (215) 561-0950<br>gmiller@mctllp.com<br><br>Dated: October 19, 2023 |

66472807\2 3692193/00592590
10/19/2023

# Exhibit A

# Customer Letter

66472807\2 3692193/00592590
10/19/2023

Dear Customer of Mitchell Gold + Bob Williams:

We are writing to you because Ryder Last Mile, Inc. ("Ryder")[1] may be in possession of furniture that you purchased from The Mitchell Gold Co., LLC *et al* d/b/a Mitchell Gold + Bob Williams and certain affiliates (the "Debtors"). As you may know, the Debtors filed for bankruptcy on August 31, 2023 and September 6, 2023.[2] We wish to acknowledge the considerable frustration that the Debtors' shut-down may have caused you. Applicable bankruptcy law prevents Ryder from delivering any furniture in our possession without the agreement of the Trustee, certain lenders, and the approval of the United States Bankruptcy Judge overseeing the Bankruptcy Cases. Please know that since the filing of the Bankruptcy Cases, Ryder has been diligently working on a plan for the Court's approval to deliver furniture to the Debtors' customers. Ryder's goal is to deliver purchased furniture to Eligible Customers (as defined below).

A Chapter 7 Trustee was recently appointed to liquidate the Debtors' assets and wind down their business. Ryder is actively engaged with the Trustee and lenders in an effort to reach an agreement on a procedure under which Ryder may deliver furniture to the Debtors' customers who have paid for their items in full, and who have not obtained a refund for those items (whether by a credit card "charge-back" or otherwise). In this letter we will refer to customers who meet these conditions as "Eligible Customers."

Once approval is obtained from the Trustee and the Bankruptcy Court for Ryder to deliver furniture to Eligible Customers who pay delivery and storage charges, Ryder intends to proceed with the delivery procedures described below.

If you believe that you are an Eligible Customer and wish to take delivery of your furniture, we ask that you follow these steps:

i. Please confirm in writing that you are an Eligible Customer by filling out the attached "Request for Delivery" form.

ii. The completed Request for Delivery form should be returned to Ryder via email to mgbw@ryder.com

iii. In order to arrange and receive delivery of furniture, Ryder must receive payment of delivery and storage charges. Once we receive your completed Request for Delivery form, we will contact you at the phone number and/or email address that you have listed on your Request for Delivery form to make arrangements for your payment of these charges, and to coordinate delivery of your furniture.

---

[1] Ryder was a third-party logistics/transportation provider to the Debtors. Ryder provided furniture delivery and storage services for the Debtors, and currently is in possession of a number of pieces of furniture.

[2] The Debtors filed bankruptcy cases under Chapter 11, which were recently converted to liquidations under Chapter 7 of the U.S. Bankruptcy Code and are pending in the U.S. Bankruptcy Court for the District of Delaware as case nos. 23-11364-LSS, SG-TMGC, LLC and 23-11385-LSS, The Mitchell Gold Co., LLC (the "Bankruptcy Cases").

Page 2

      Again, we wish to acknowledge the considerable frustration that the Debtors' shut-down and subsequent Chapter 7 bankruptcy liquidation has caused, and is continuing to cause. In particular, we understand that many customers have not only paid in full for their furniture, but also, at the Debtors' request, have transmitted money to the Debtors on account of delivery and storage charges. Unfortunately, the delivery and storage charges were not paid to Ryder as third party logistics/transportation provider to the Debtors. Debtors' customers who have advanced payment to the Debtors for delivery services, which services the customers never received from the Debtors, are free to file a Proof of Claim in the Debtors' Bankruptcy Cases with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, DE 19801. See https://www.deb.uscourts.gov/claims-information

      We look forward to working with you to get your furniture delivered as promptly as possible under these challenging circumstances.

      If you have any questions related to delivery of your furniture after submitting the Request for Delivery form, please contact Ryder at mgbw@ryder.com

      Sincerely,

## Request for Delivery by Ryder Last Mile, Inc.

| Name: | |
| --- | --- |
| Address: | |
| Phone: | |
| Email: | |

| Furniture Items Purchased and Paid in Full from Mitchell Gold + Bob Williams: (Attach a copy of your Mitchell Gold + Bob Williams Invoice and/or Receipts (if available)) |
| --- |
| |
| Sales Order # (if known): |
| Customer No. # (if known): |

     I, _____ hereby state, declare, swear, and/or attest subject to penalties of perjury pursuant to 28 U.S.C. §1746 and for false oaths in bankruptcy cases pursuant to 18 U.S.C. §152 as follows:

     1.    I have paid to The Mitchell Gold Co., LLC *et al* d/b/a Mitchell Gold + Bob Williams the full agreed purchase price for the furniture identified above. I have neither requested nor received a refund for any portion of my purchase price. I have not initiated, requested, or performed a credit card cancellation, charge-back, or similar action related to my purchase of the furniture identified above.

     2.    I declare under penalty of perjury that the foregoing statements are true and correct.

     3.    I agree to pay applicable delivery and storage charges to Ryder.

_____
Signature (Sign)

_____
Date

_____
Print Name of Signing Party