# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE MITCHELL GOLD CO., LLC, *et al.,*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-11385 (LSS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 235** |

**JOINT LIMITED OBJECTION OF MERCHANT E-SOLUTIONS, INC. AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY INC. TO CERTIFICATION OF COUNSEL REGARDING STIPULATION BETWEEN RYDER LAST MILE, INC., TRUSTEE, PNC BANK, N.A. AND THE STEPHENS GROUP LLC REGARDING FURNITURE DELIVERY PROTOCOL**

Creditors Merchant eSolutions, Inc. ("MerchantE") and American Express Travel Related Services Company Inc. ("AmEx", and collectively with MerchantE, the "Processors") hereby submit this Joint, Limited Objection to the Certification of Counsel Regarding Stipulation Between Ryder Last Mile, Inc., Trustee, PNC Bank, N.A. and The Stephens Group LLC Regarding Furniture Delivery Protocol [Docket No. 235] (the "Delivery Stipulation"). In support of their Limited Objection, the Processors respectfully states as follows:

1. The Delivery Stipulation has been presented to this Court for approval on a Certification of Counsel by the Trustee, without sufficient notice to or consultation with the Processors, and includes insufficient provisions to prevent customers from obtaining their furniture orders even if they have already disputed their original purchase using a credit card, or have actually obtained a chargeback, credit or refund on that purchase. Accordingly, the Delivery Stipulation does not go far enough in preventing customers from obtaining furniture for which they ultimately have not paid, or may not pay, and includes insufficient measures to

---

[1] The Debtors in these chapter 7 cases, along with the Debtors' federal tax identification numbers are: The Mitchell Gold Co., LLC (8942) and SG-TMGC, LLC (0248). The Debtors' addresses are, respectively, 135 One Comfortable Place, Taylorsville, North Carolina 28681 and P.O. Box 3417, Little Rock, Arkansas 72203.

16370454/1
16370454/1

mitigate the volume of customer chargebacks that the processors will ultimately be required to pay out, incur as losses and then submit as claims against the Debtor's estate.

2. Prior to the Petition Date, the Processors provided credit and debit card payment processing services to Debtor The Mitchell Gold Co., LLC ("Mitchell Gold"). As such, the Processors processed the electronic transactions and facilitated the transmission and settlement of funds – as among sponsor banks, Mitchell Gold and the issuer of the customer's card account -- whenever a Mitchell Gold customer purchased, ordered or placed a deposit for furniture or other goods or related services (including delivery services) using a credit or debit card.

3. Following the sudden cessation of business by Mitchell Gold on or about August 25, 2023, large numbers of customers who had placed and paid for unfulfilled orders using credit or debit cards began submitting disputes of the associated charges to the issuers of their card accounts. With no indication that such orders would ever be fulfilled, and with no personnel left at Mitchell Gold to respond to and oppose these customer disputes, the card issuers quickly began to decide the disputes in favor of their cardholders and allow chargebacks against Mitchell Gold, resulting in full credits or refunds of prior transactions with Mitchell Gold back to the cardholder-customers.

4. Mitchell Gold is contractually responsible, in the first instance, to fund all credits and refunds back to its customers when a chargeback on a prior credit card transaction is allowed by the card account issuer. In the event that Mitchell Gold is unable to fund such credits and refunds back to its customers, however, ultimate responsibility to fund those refunds falls on the Processors. Consequently, and since Mitchell Gold ceased operations, the Processors collectively have been required to fund and pay chargebacks to Mitchell Gold customers amounting to tens of millions of dollars. At the same time, potential disputes on purchases by

Mitchell Gold customers, amounting to millions of additional dollars, remain eligible to be submitted and ultimately allowed as chargebacks.

5. The Delivery Stipulation would allow certain Mitchell Gold customers to arrange for delivery of their unfulfilled furniture orders now in the possession of Ryder.

6. The Processors have no objection to, and in fact support, any effort to fulfill as many outstanding orders by Mitchell Gold customers as possible, if such fulfillment will prevent those customers from having a basis to submit a dispute of a prior charge on their credit cards; from seeking, obtaining or continuing to retain a refund of the prior charges to their card accounts associated with their purchases from Mitchell Gold; or from taking delivery of furniture for which they have already obtain a credit or refund that can no longer be reversed back to the Processors.

7. While the Delivery Stipulation would require a customer requesting delivery to sign a form certifying that it has neither requested nor obtained a refund, chargeback or credit on its original purchase with Mitchell Gold, the Processors believe that one additional layer of "due diligence" is required in order to protect their material interests in a delivery process, as customers have been known to "double dip" in the process of retail bankruptcy cases, seeking both a refund on their original purchase and either possession of their purchased goods or a claim against the bankruptcy estate.

8. The protocol provided for in the Delivery Stipulation should also permit the Processors a brief period to screen each order, in advance of any delivery, to verify that the customer has not submitted a dispute of their original credit card charge, or already received a chargeback and resulting credit or refund of that original charge. And, if the Processors determine either that a dispute is pending or a chargeback has already been obtained, then any

3

delivery to the customer should be conditioned on further proof by the customer that its dispute has been withdrawn or its prior chargeback has been reversed and the funds returned to the affected Processor.

9. The Processors propose that the Court require additional provisions in the Delivery Stipulation, and in the accompanying customer form, providing in substance as follows:

(a) Requiring the Trustee or Ryder to share the list of the End Customers, as defined in the Stipulation, with the Processors, so that they have, at the outset of the proposed protocol, a list of the customers potentially eligible to participate;

(b) Requiring the customer to provide on the form its name, address, order number, amount paid, purchase date, number of items in the order, payment method, and if payment was by credit card, the credit-card issuer or provider and the last five digits of card used;

(c) If the purchase was by credit card, requiring the Trustee or Ryder to provide prompt notice to the Processors via email in order for them to review their records and verify the accuracy of the customer's certification that it has neither requested nor obtained a chargeback, credit or refund; and

(d) If the affected processor confirms that the customer has not disputed the charge or receive a refund or credit, or if the processor fails to respond within five (5) days of receipt of the notice, then such customer shall be confirmed as eligible to participate in the delivery protocol and may have its furniture delivered. If the processor responds with evidence showing that the customer has disputed the charge or received a chargeback, credit or refund, then the customer may become eligible to participate in the protocol only after providing written confirmation

from its credit card issuer that its dispute has been withdrawn or its chargeback, credit or refund has been reversed and the funds have been returned to the affected processor; and

(e) Requiring Ryder, following completed deliveries to any customer, to provide copies of shipping and delivery confirmations to the Processors, so that the Processors will have the documentation necessary to respond to and oppose any disputes or chargeback requests that customers may submit even after delivery of their orders has been completed.

10. In short, no Mitchell Gold customer should be permitted delivery of its goods unless and until its order has been verified by the Processors to have been paid for, and has not already resulted, or will not subsequently result, in a refund from the Processors that cannot be reversed.

11. Finally, the Stipulation addresses, in paragraph 4, that each of Ryder, PNC and The Stephens Group are reserving their rights, and pledging to work cooperatively to resolve, their competing rights and interests as to any Undelivered Furniture (as defined therein) that may remain after the delivery protocol is completed. Under various contracts and provisions of law, however, the Processors may also have a basis to claim rights and interests in any orders of Undelivered Furniture that they have since refunded to the customers and effectively paid for in full. Accordingly, the Processors are included in any reservation of rights as to those issues, and should also be included in any discussions seeking to resolve those issues.

WHEREFORE, MerchantE and AmEx respectfully request that the Court

(a) grant their Joint, Limited Objection as set forth herein;

(b) include, in any order approving the Delivery Stipulation, a requirement that the Delivery Stipulation be amended to include language providing the additional protective measures set forth in paragraph 9 above;

(c) require that the Processors be included in discussions seeking to resolve competing rights and interests in any Undelivered Furniture; and

(d) grant them such other and further relief as this Court may deem just and proper.

Dated:  October 20, 2023.                    Respectfully submitted,

**MORRIS JAMES LLP**

/s/  Carl N. Kunz, III_____
Carl N. Kunz, III (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
Wilmington, DE. 19801
Telephone: (302) 888-6811
Facsimile: (302) 571-1750
Email: ckunz@morrisjames.com

and

**ARNALL GOLDEN GREGORY LLP**
Frank N. White (admitted *pro hac vice*)
171 17th Street N.W., Suite 2100
Atlanta, Georgia  30363
Telephone: (404) 873-8500

*Attorneys for Merchant eSolutions, Inc. and American Express Travel Related Services Company Inc.*