IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE MITCHELL GOLD CO., LLC, *et. al.,*<br><br>Debtors.[2] | Chapter 7<br><br>Case No. 23-11385 (LSS)<br><br>(Jointly Administered)<br><br>Hearing Date: November 15, 2023 at 10:00 a.m. (EST)<br>Obj. Deadline: November 7, 2023 at 4:00 p.m. (EST) |

## SALEM LEASING CORPORATION'S MOTION
## FOR RELIEF FROM AUTOMATIC STAY

Salem Leasing Corporation ("**Salem**") hereby moves the Court, pursuant to section 362(d) of Title 11 of the United States Code (the "**Bankruptcy Code**"), for the entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), granting Salem relief from the automatic stay to the extent necessary, to repossess, without or without legal mean, the Vehicle (as defined below). In support of this Motion, Salem relies on the Declaration of Mitzi Keller, a copy of which is attached hereto as **Exhibit 2** (the "**Keller Declaration**"), and respectfully states as follows:

### JURISDICTION AND VENUE

1.   The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2.   The statutory bases for the relief requested herein are sections 362(d)(1), 365(c)(1) and 365(d)(2) of the Bankruptcy Code, Rules 4001 and 9014 of the Federal Rules of

---

[2] The Debtors in these chapter 7 cases, along with the Debtors' federal tax identification numbers are: The Mitchell Gold Co., LLC (8942) and SG-TMGC, LLC (0248). The Debtors' addresses are, respectively, 135 One Comfortable Place, Taylorsville, North Carolina 28681 and P.O. Box 3417, Little Rock, Arkansas, 72203.

51198059.3

Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## STATEMENT OF FACTS

3. On September 6, 2023 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. On October 6, 2023, the Court entered an Order converting the bankruptcy case from Chapter 11 to Chapter 7.

5. On or about July 16, 2021, Salem and Debtor The Mitchell Gold Co., LLC ("**Mitchell Gold**") executed a Vehicle Lease and Service Agreement (the "**Lease**"), which provided for Salem to lease certain vehicles to Mitchell Gold. A true and correct copy of the Lease is attached to the Keller Declaration as **Exhibit A**.

6. Salem and Mitchell Gold executed four Schedule As to the Lease for the lease of the five vehicles and five trailers. True and correct copies of the Schedule As are attached to the Keller Declaration collectively as **Exhibit B**.

7. Prior to the Petition Date, Mitchell Gold informed Salem that it was insolvent and had ceased business operations.

8. On or about August 29, 2023, Salem sent Mitchell Gold notice that the Lease was terminated pursuant to Section XII(B) of the Lease. A true and correct copy of the termination letter is attached to the Keller Declaration as **Exhibit C**.

9. Mitchell Gold ceased paying the charges owed under the Lease following July 2023 and is currently owed $16,200.56 under the Lease through the Petition Date.

10. Following the termination and prior to the Petition Date, Salem was able to retrieve all of its leased property except for one vehicle, which is identified as no. 23804 in the Lease documents (the "**Vehicle**").

11. Salem understands that the Vehicle remains at the Debtors' facility located at 125 LuLu Lane, Statesville, North Carolina.  True and correct copies of Salem's title and registration for the Vehicle are attached to the Keller Declaration collectively as **Exhibit D.**

## Relief Requested

12. By this Motion, and for the reasons set forth more fully below, Salem seeks the entry of an Order, (i) granting Salem relief from the automatic stay, pursuant to section 362(d)(1) of the Bankruptcy Code, so that it may repossess the Vehicle, and (ii) granting such other and further relief as may be just and proper.

## Basis for Relief Requested

13. Upon the filing of a debtor's petition for relief, "any act to obtain possession of property of the estate or of property from the estate" is stayed by operation of Bankruptcy Code section 362(a)(2).  Courts have interpreted this subsection to protect a debtor's possessory interest in property, even if it has no legal title to such property. *E.g. In re Moore*, 448 B.R. 93 (Bankr. N.D. Ga. 2011) (holding that section 362's prohibition on acts to obtain property "from the estate" protects a debtor's possessory interest in property).  Accordingly, Salem seeks relief from the automatic stay to the extent necessary to recover the Vehicle.

14. Section 362(d)(1) of the Bankruptcy Code provides that:

> [O]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1).

15.  "Cause" is a flexible concept, and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances, to determine whether sufficient cause exists to lift the stay. *E.g., Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

16.  Courts have found that relief from stay to recover leased property is appropriate where the debtor cannot assume the lease. *E.g. Matter of Mimi's of Atlanta, Inc.*, 5 B.R. 623, 629 (Bankr. N.D. Ga. 1980); *In re 163rd St. Medical Corp.*, 47 B.R. 869, 871 (Bankr. S.D. Fla. 1985); *In re Crabb*, 48 B.R. 165 (Bankr. D. Mass. 1985). Moreover, a debtor may not assume a lease that has terminated or expired by its terms. *See* 11 U.S.C. § 365(a) (authorizing assumption of "unexpired" leases); *In re Chautauqua Capital Corp.*, 135 B.R. 779 (Bankr. W.D. Pa. 1992) ("The Bankruptcy Code offers no basis for extending the leases beyond their stated termination dates[.]"); *Crabb*, 48 B.R. at 166 ("[T]he Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms.").

17.  In the instant case, the Debtors have no assumable interest in the Vehicle because the Lease has terminated. But for the automatic stay, Salem is entitled to retake possession of the Vehicle. Because there is no basis under the Bankruptcy Code to reinstate Mitchell Gold's interest under the terminated Lease, cause exists to modify the stay to allow Salem to retake possession of the Vehicle.

18.  In addition, relief from stay is appropriate because the Debtors have ceased operations and are unable to make the postpetition payments required under the Lease. As noted above, the Debtors owe Salem over $16,200.56 and have not made payments under the Lease

since July 2023.  Salem therefore lacks adequate protection of its interest in the Vehicle, which in turn establishes just cause to lift the stay under Bankruptcy Code section 362(d)(1).

19.     Lastly, a waiver of the fourteen (14)-day stay under Bankruptcy Rule 4001(a)(3) is appropriate in the present case. Bankruptcy Rule 4001(a)(3) states that "[a]n order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*." Fed. R. Bankr. P. (emphasis added).  Here, Salem respectfully requests that the customary fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) be waived so that Salem can immediately take possession of the Vehicle in order to expeditiously seek to mitigate its damages and therefore reduce its claims against the Debtors.

[remainder of page left intentionally blank]

WHEREFORE, Salem respectfully requests the entry of an Order, substantially in the form of the Proposed Order, (i) granting Salem relief from the automatic stay, pursuant to section 362(d)(1) of the Bankruptcy Code, so that it may repossess the Vehicle; and (ii) granting such other and further relief as is just and proper.

Dated: October 24, 2023

**SAUL EWING LLP**

*/s/ Monique B. DiSabatino*
Monique Bair DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
mdisabatino@saul.com

-and-

J. Carole Thompson Hord
**SCHREEDER, WHEELER & FLINT, LLP**
1100 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-4516
Telephone: (404) 954-9858
chord@swfllp.com

*Counsel to Salem Leasing Corporation*

51198059.3