# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| THE MITCHELL GOLD CO., LLC, *et al.*,[1] | Case No. 23-11385 (LSS) |
| Debtors. | (Jointly Administered) |
| | <u>Hearing Date</u>: January 31, 2024 at 10:00 a.m. (ET)<br><u>Objection Deadline</u>: January 24, 2024 at 4:00 p.m. (ET) |

**MOTION OF NEED IT NOW DELIVERS, LLC (AND ITS SUBSIDIARIES) FOR APPROVAL OF STIPULATION BETWEEN NEED IT NOW DELIVERS, LLC AND ITS SUBSIDIARIES, TRUSTEE, PNC BANK, N.A., THE STEPHENS GROUP, LLC, MERCHANT eSOLUTIONS, INC., AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., AND SYNCHRONY BANK<br>REGARDING FURNITURE DELIVERY PROTOCOL**

Need It Now Delivers, LLC, Fastmile Delivers LLC d/b/a Need It Now, Show Me Delivers LLC d/b/a Need It Now, Need It Now Courier of Maryland, LLC d/b/a Maryland Messenger Service, and Hillside Logistics, LLC d/b/a Veterans Distribution of Chicago (collectively, "<u>NIND</u>") hereby moves for entry of an order approving that certain *Stipulation Between Need It Now Delivers, LLC (and its Subsidiaries), Trustee, PNC Bank, N.A., The Stephens Group, LLC, Merchant eSolutions, Inc. and American Express Travel Related Services Company, Inc., and Synchrony Bank Regarding Furniture Delivery Protocol* (as defined below, the "<u>Stipulation</u>"),[2] which has been entered into by and between: NIND; George L. Miller, the chapter 7 trustee for the Debtors' estates (the "<u>Trustee</u>"), PNC Bank, N.A. ("<u>PNC</u>"), The Stephens Group, LLC ("<u>Stephens</u>"), Merchant eSolutions, Inc. ("<u>MerchantE</u>"), American Express Travel Related Services Company, Inc. ("<u>AmEx</u>"), and Synchrony Bank ("<u>Synchrony</u>", and together with

---

[1] The Debtors in these chapter 7 cases, along with the Debtors' federal tax identification numbers are: The Mitchell Gold Co., LLC (8942) and SG-TMGC, LLC (0248). The Debtors' addresses are, respectively, 135 One Comfortable Place, Taylorsville, North Carolina 28681 and P.O. Box 3417, Little Rock, Arkansas 72203.

[2] Capitalized terms not otherwise defined in this Motion shall have the meanings given in the Stipulation.

MerchantE and AmEx, the "Credit Entities," and the Credit Entities together with NIND, the Trustee, PNC, and Stephens, the "Parties"), and states in support:

1. Prior to the conversion of the above-captioned cases to cases under chapter 7 of the Bankruptcy Code, NIND provided the Debtors with various delivery and warehousing services both pre- and post-petition pursuant to certain agreements (the "Agreements"). Under the terms of the Agreements, NIND, among other responsibilities, stores goods for the Debtors at its warehouse facilities for eventual delivery to the Debtors' end-customers (the "End-Customers"). This includes, but is not limited to, finished products and products that are in NIND's possession because they were returned by the Debtors' end-customers (all such goods, the "Furniture Products"). The Furniture Products are usually delivered to the Debtors' End-Customers by NIND. Need It Now is currently storing approximately 3,600 separate Furniture Products in its warehouses located in St. Louis, MO, Oak Brook, IL, Chicago, IL, Baltimore, MD, Atlanta, GA, and Los Angeles, CA[3] (collectively, the "Undelivered Furniture"), of which approximately 1,400 were assigned to various customers of the Debtors.[4]

2. NIND desires to implement a protocol (the "Furniture Delivery Protocol") for delivering Undelivered Furniture to those of the End-Customers who have made payment in full to the Debtors for Undelivered Furniture, and who have not obtained a refund for those items of Undelivered Furniture (whether by a credit card "charge-back" or otherwise) ("Eligible Customers"). Similar protocols have been solicited by other third-party logistics providers in these cases and approved by this Court. *See, e.g., Order Granting Motion of Ryder Last Mile, Inc. for Approval of Stipulation Between Ryder Last Mile, Inc., Trustee, PNC Bank, N.A., the Stephens*

---

[3] NIND previously had a warehouse in Denver, CO, but that facility has been closed with the furniture stored there moved to NIND's St. Louis, MO facility.
[4] The balance of the "unassigned" inventory represents furniture that may be defective, returned, or otherwise unconnected with a present customer.

*Group, LLC, Merchant eSolutions, Inc., and American Express Travel Related Services Company, Inc. Regarding Furniture Delivery Protocol* [D.I. 317] (the "Ryder Protocol").

3. Counsel for NIND conferred with the other Parties, and reached an agreement regarding the terms of the Furniture Delivery Protocol for Eligible Customers, which terms were set forth in the stipulation attached as **Exhibit 1** to the Proposed Order attached hereto. As with the Ryder Protocol, the Stipulation provides, *inter alia*, that participation in the Furniture Delivery Protocol by Eligible Customers is purely voluntary and that Eligible Customers may chose, instead, to exercise any rights that they may possess under applicable law; moreover, the Stipulation provides that disposition of Undelivered Furniture shall be subject to any rights of the End-Customers under applicable law, and shall be conducted in accordance with applicable law.[5]

4. One significant distinction between the facts underlying the Ryder Protocol and the facts underlying NIND's proposal is that ***NIND does not have native access to the addresses of End-Customers***. As NIND understands it, Ryder had or has present access to the addresses of the End-Customers whose furniture it is (or was) holding. Unlike Ryder, NIND relied upon a database management system maintained by the Debtors known as STORIS ("STORIS") to match Furniture to the address of its applicable End-Customer; i.e., NIND does not have its own internal database of End-Customer addresses. Prior to the Petition Date, NIND had access to STORIS, which database has not been accessible by NIND for several weeks or months.

5. NIND has been independently approached by purported End-Customers claiming to have an interest in certain of the Undelivered Furniture ("Purported End-Customers"). In the absence of access to the STORIS database, NIND has no means of confirming the addresses of

---

[5] By way of additional background, on October 26, 2023, the Court entered the *Order Granting Motion of PNC Bank, National Association for Relief from the Automatic Stay Under 11 U.S.C. 362(d) to Permit PNC to Exercise Rights and Remedies* [D.I. 256]. Moreover, the Trustee asserts that he is not possession of any furniture in connection with these cases.

these Purported End-Customers other than their representations to NIND. Accordingly, NIND intends to serve this Motion upon all Purported End-Customers presently known. In addition, NIND requests authority to serve a copy of the Customer Letter upon any forthcoming Purported End-Customers who approach NIND if it can be confirmed that NIND may in fact be holding the applicable furniture and, to the extent NIND is able to access additional customer information, NIND will send a copy of the Customer Letter to those Purported End-Customers forthwith. As a practical matter, given that End-Customers are not bound by the protocol proposed herein, no prejudice should result to any customer who does not receive a copy of this Motion.

6. NIND respectfully submits that the Stipulation sets forth a practical, fair and efficient process by which Eligible Customers may obtain possession of items of Undelivered Furniture and NIND believes addresses the concerns raised by this Court in connection with the Ryder Protocol. Indeed, the Stipulation here largely mirrors the approved Ryder Protocol (which NIND understands was ultimately uncontested by any customers as revised, according to the Amended Agenda filed at D.I. 309), with the primary background distinction being NIND's lack of access to End-Customer addresses due to the Debtors' database shutdown. NIND and the other Parties believe that the Furniture Delivery Protocol fairly balances their respective rights, and serves the overall best interests of the Debtors' estates.

7. NIND proposes to serve this Motion on the following parties (the "Notice Parties"): (i) the Office of the United States Trustee; (ii) the Debtors; (iii) PNC Bank; (iv) Stephens; (v) the Credit Entities; (vi) the Purported End-Customers; and (vii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. NIND submits that service upon the Notice Parties is appropriate and sufficient under the circumstances, and will provide adequate notice to presently identifiable parties in interest.

WHEREFORE, NIND respectfully requests that the Court enter an order granting this Motion, and providing any other relief that may be appropriate.

| | |
|---|---|
| Dated: January 17, 2024<br>Wilmington, Delaware | **SAUL EWING LLP**<br><br>*/s/ Evan T. Miller*<br>Evan T. Miller (DE Bar No. 5364)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Telephone: (302) 421-6800<br>E-mail: evan.miller@saul.com<br><br>*Attorneys for Need It Now Delivers, LLC, Fastmile Delivers LLC d/b/a Need It Now, Show Me Delivers LLC d/b/a Need It Now, Need It Now Courier of Maryland, LLC d/b/a Maryland Messenger Service, Hillside Logistics, LLC d/b/a Veterans Distribution of Chicago* |